UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Power House Tool, Inc., an Illinois Corporation, and JNT Technical Services, Inc., a New Jersey Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Thermal Technologies, Inc., an Oklahoma Corporation, and Xtreme Bolting Services, Inc., an Oklahoma Corporation, | ) ) ) ) | Case No. 08 CV 3611  Honorable Blanche M. Manning |
| Defendants. | ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Thermal Technologies, Inc., an Oklahoma Corporation, and Xtreme Bolting Services, Inc., an Oklahoma Corporation, | ) ) ) ) | |
| Counter-plaintiffs, | ) ) | |
| v. | ) ) | |
| Power House Tool, Inc., an Illinois Corporation, and JNT Technical Services, Inc., a New Jersey Corporation, | ) ) ) ) | |
| Counter-defendants. | ) ) | |

**ANSWER AND COUNTERCLAIMS OF THERMAL TECHNOLOGIES, INC.**

Comes now the Defendant Thermal Technologies, Inc. (TTI), by its counsel, Jerry Williams, Balogh & Williams and Catherine Simmons-Gill, Offices of Catherine Simmons-Gill, LLC, and for its answer to the Complaint denies each and every material allegation except as hereinafter admitted:

1. Denies any knowledge or information sufficient to form a belief as to the truth of this allegation.

1

2. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

3. Admits.

4. Admits.

5. Admits.

6. Denied.

7. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

8. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

9. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

10. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

11. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

12. Admits visiting but denies the remainder of the allegation.

13. Denied.

14. Denied.

15. Denied. Controller not in breached condition rest.

16. Admits.

17. Admits distributing a brochure describing Xtreme Bolting machine.

18. Denied.

19. Admits.

20. Admits as to Xtreme Bolting Services, Inc., which was changed to "patent pending." Denied as to Thermal Technologies, Inc. in that it does not manufacture, use or sell any heater controllers.

21. Denied.

22. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

23. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

24. Admits.

25. Denied.

26. Denied.

27. Denied.

28. Admits as to Thermal Technologies, Inc. Denied as to Xtreme Bolting Services, Inc.

29. Denied. Admits a letter was sent but denies counsels characterizations of the letter it did not refer to Xtreme Bolting Services, Inc.

30. Admits.

31. Denied. Admits receiving the letter but denies the characterizations contained therein.

32. Admits by counsel for Thermal Technologies, Inc.

33. Denied by counsel for Thermal Technologies, Inc. never stated that Thermal Technologies, Inc. manufactured any heater controller.

34. Previously answered

35. Denied.

36. Denies providing any machine.

37. Xtreme Bolting Services, Inc admits. Thermal Technologies Inc. denies.

38. Xtreme Bolting Services, Inc admits. Thermal Technologies Inc. denies.

39. Xtreme Bolting Services, Inc admits. Thermal Technologies Inc. denies.

40. Denied by Thermal Technologies, Inc. admitted by Xtreme Bolting Services Inc.

41. Denied.

42. Denied.

43. Denied except for the on-off switch.

44. Denied by Thermal Technologies, Inc. Admitted by Xtreme Bolting Services Inc.

45. Denied.

46. Denied by Thermal Technologies, Inc. Admitted by Xtreme Bolting Services, Inc.

47. Denied.

48. Denied.

49. Thermal Technologies, Inc. admits. Xtreme Bolting Services Inc. denies.

50. Denied.

51. Adopts its previous answers.

52. Denied.

53. Adopts its previous answers.

54. Denied.

55. Denied.

56. Denied.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs have failed to establish that this Court has personal jurisdiction over TTI.

3. Plaintiffs have failed to establish that venue is proper in this Court.

4. The claims of the '766 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, 35 U.S.C. §§ 102, 103 and/or 112 and the rules and regulations pertaining thereto.

5. Plaintiffs are estopped from asserting a construction of the claims of the '766 patent that would cause any claim to cover any of TTI's products or methods of manufacture or use due to actions and representations of Plaintiffs in the Patent and Trademark Office during the prosecution of the '766 patent.

6. TTI has not directly infringed, contributed to the infringement of, induced the infringement of, or willfully infringed any claim of the '766 patent that Plaintiffs accuses TTI of infringing, either literally or under the doctrine of equivalents.

7. Plaintiffs' claims are barred by the equitable doctrines of laches and estoppel.

8. Plaintiffs are not entitled to treble damages.

9. Plaintiffs are not entitled to attorney fees.


10. Upon information and belief, Plaintiffs did not conduct a reasonable pre-filing investigation before filing this infringement suit. For instance, the claims of the '766 patent require a timer (either an individual timer or a master timer) and an input (*i.e.* a switch) to permit a user to select or control the timer(s). Had Plaintiffs conducted a reasonable investigation, Plaintiffs would have realized that its claims are baseless given that TTI's products or methods of manufacture or use do not require either a timer or an input arrangement. This is an exceptional case under 35 U.S.C. § 285 and brought in violation of Rule 11 of the Federal Rules of Civil Procedure entitling TTI to its costs and attorneys fees relating to this suit.

TTI reserve the right to add to, supplement, or amend their list of affirmative defenses as discovery proceeds.

WHEREFORE, Defendant TTI respectfully requests that this Court dismiss the complaint with prejudice, deny all requests for relief claimed by plaintiffs and for such other and further relief as this court deems appropriate.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant, Thermal Technologies, Inc. ("TTI"), by and through the undersigned attorneys, as and for counterclaims against Plaintiff Power House Tool, Inc. ("Power House Tool") and Plaintiff JNT Technical Services, Inc. ("JNT") (collectively referred to as "Plaintiffs"), alleges and states as follows:

**Parties**

1. TTI is a corporation of the State of Oklahoma with its principal place of business in Rogers County, Oklahoma.

2. Power House Tool has alleged that it is an Illinois corporation that maintains its principal place of business in Joliet, Illinois.

3. JNT has alleged that it is a New Jersey corporation with its principal place of business in Little Ferry, New Jersey.

**Jurisdiction**

4. This Court has subject matter jurisdiction to hear this matter under 28 U.S.C. §§ 1331, 1338, and 2201-2202. There is now an actual controversy between Plaintiffs and TTI in that Plaintiffs threatened and then filed this lawsuit alleging that TTI infringes the '766 patent. Thus, a real, immediate and justiciable controversy exists between Plaintiffs and TTI.

5. Plaintiffs are subject to the personal jurisdiction in the Northern District of Illinois by virtue of their contacts with the state of Illinois and in this District. As the Plaintiffs in this action, Plaintiffs consent to the jurisdiction and venue of this Court.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Power House Tool alleges that its principal place of business is within the Northern District of Illinois and JNT has consented to the jurisdiction and venue of this Court.

**Count One – Declaratory Judgment of Invalidity**

7. TTI repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

8. Pursuant to 28 U.S.C. §§ 2201-2202, TTI is entitled to a judgment declaring that the '766 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

**Count Two – Declaratory Judgment of Noninfringement**

9. TTI repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

10. Pursuant to 28 U.S.C. §§ 2201-2202, TTI is entitled to a judgment declaring that the '766 patent is not infringed by TTI under any theory of infringement.

**Count Three – Attorney Fees**

11. TTI repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

12. Because of Plaintiffs' actions, TTI was compelled to engage the services of a licensed attorney and has agreed to pay that attorney for legal services rendered in preparation and trial of this cause.

13. As set forth above, the facts and circumstances surrounding the subject matter of this lawsuit make this an exceptional case under 35 U.S.C. § 285, entitling TTI to recover its attorney fees. Additionally, TTI is entitled to recover its attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, on its answer, affirmative defenses and counterclaims, Defendant TTI respectfully requests the following relief:

    a. Dismiss the Complaint;

    b. Award Plaintiffs nothing;

    c. Declare that the '766 patent is invalid;

    d. Declare that TTI is not infringing the '766 patent;

  e. Award TTI all reasonable and necessary costs and attorney fees as provided by law; and

  f. Such other relief as the Court shall deem just and equitable;

        Respectfully submitted,
        Defendant/Counter-Plaintiff
        Thermal Technologies, Inc.


        By: __/s/Catherine Simmons-Gill__
         One of its Attorneys


        Jerry Williams, OBA #9645
        (application for admission pro hac vice in the process of preparation)
        Balogh & Williams
        324 S. Main, Suite 601
        Tulsa, Oklahoma 74103
        (918) 599-9007
        Fax: (918) 599-8316

        Catherine Simmons-Gill
        Offices of Catherine Simmons-Gill, LLC
        221 North LaSalle Street
        Suite 2036
        Chicago, Illinois 60601
        312 609 6611
        ARDC #2159058

## **CERTIFICATE OF SERVICE**

The undersigned, Catherine Simmons-Gill, an attorney, certifies that a copy of the Answer and Counterclaims of Thermal Technologies Inc. was filed on July 23, 2008 electronically with the Clerk of the Court for the Northern District of Illinois via the CM/ECF system which filing will result in notification of the filings to the attorneys for plaintiffs as follows**:**

    Kevin W. Guynn
    Greer, Burns & Crain, LTD.
    300 S. Wacker Drive, Suite 2500
    Chicago, IL 60606

                                                     /s/ Catherine Simmons-Gill
                                                    Catherine Simmons-Gill