UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Power House Tool, Inc., an Illinois Corporation, and JNT Technical Services, Inc., a New Jersey Corporation, ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) ) | |
| Thermal Technologies, Inc., an Oklahoma Corporation, and Xtreme Bolting Services, Inc., an Oklahoma Corporation, ) ) ) ) | Case No. 08 CV 3611 Honorable Blanche M. Manning |
| Defendants. ) ) | Magistrate Judge Geraldine Soat Brown |
| Thermal Technologies, Inc., an Oklahoma Corporation, and Xtreme Bolting Services, Inc., an Oklahoma Corporation, ) ) ) ) | |
| Counter-plaintiffs, ) | |
| v. ) ) | |
| Power House Tool, Inc., an Illinois Corporation, and JNT Technical Services, Inc., a New Jersey Corporation, ) ) ) ) | |
| Counter-defendants. ) ) | |

## ANSWER AND COUNTERCLAIM OF XTREME BOLTING INC.

Comes now the Defendant Xtreme Bolting Services, Inc. (XBS), by its counsel, Shawn M. Dellegar, Head, Johnson & Kachigian, P.C., and Catherine Simmons-Gill, Offices of Catherine Simmons-Gill, LLC, and for its answer denies each and every material allegation of the complaint, except as hereinafter admitted:

1. Denies any knowledge or information sufficient to form a belief as to the truth of this allegation.

1

2. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

3. Admits.

4. Denied. Address is at 13515 S. 4190 Road Claremore, OK 74037

5. Admits.

6. Denied.

7. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

8. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

9. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

10. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

11. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

12. Denied. Does not apply to this defendant.

13. Denied. Does not apply to this defendant.

14. Denied. Does not apply to this defendant.

15. Denied. Does not apply to this defendant.

16. Denied. Does not apply to this defendant.

17. Admits distributing a brochure describing Xtreme Bolting machine.

18. Denied.

19. Admits.

20. Admits but language has been changed to "patent pending."

21. Denied.

22. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

23. Denies any knowledge or information sufficient to for a belief as to the truth of this allegation.

24. Denied, does not apply to this defendant.

25. Denied, does not apply to this defendant.

26. Denied, does not apply to this defendant.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Previously answered

35. Denied.

36. Denies providing any machine.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Denied except for the on-off switch.

44. Admitted.

45. Denied.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Adopts its previous answers.

52. Denied.

53. Adopts its previous answers.

54. Denied.

55. Denied.

56. Denied.

## **AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs have failed to establish that this Court has personal jurisdiction over XBS.

3. Plaintiffs have failed to establish that venue is proper in this Court.

4

4. The claims of the '766 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, 35 U.S.C. §§ 102, 103 and/or 112 and the rules and regulations pertaining thereto.

5. Plaintiffs are estopped from asserting a construction of the claims of the '766 patent that would cause any claim to cover any of XBS's products or methods of manufacture or use due to actions and representations of Plaintiffs in the Patent and Trademark Office during the prosecution of the '766 patent.

6. XBS has not directly infringed, contributed to the infringement of, induced the infringement of, or willfully infringed any claim of the '766 patent that Plaintiffs accuses XBS of infringing, either literally or under the doctrine of equivalents.

7. Plaintiffs' claims are barred by the equitable doctrines of laches and estoppel.

8. Plaintiffs are not entitled to treble damages.

9. Plaintiffs are not entitled to attorney fees.

10. Upon information and belief, Plaintiffs did not conduct a reasonable pre-filing investigation before filing this infringement suit.  For instance, the claims of the '766 patent require a timer (either an individual timer or a master timer) and an input (*i.e.* a switch) to permit a user to select or control the timer(s).  Had Plaintiffs conducted a reasonable investigation, Plaintiffs would have realized that its claims are baseless given that XBS's products or methods of manufacture or use do not require either a timer or an input arrangement.  This is an exceptional case under 35 U.S.C. § 285 and brought in violation of Rule 11 of the Federal Rules of Civil Procedure entitling XBS to its costs and attorneys fees relating to this suit.

XBS reserve the right to add to, supplement, or amend their list of affirmative defenses as discovery proceeds.

WHEREFORE, Defendant XBS respectfully requests that this Court dismiss the complaint with prejudice, deny all requests for relief claimed by plaintiffs and for such other and further relief as this court deems appropriate.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant, Xtreme Bolting Services, Inc. ("XBS"), by and through the undersigned attorneys, as and for counterclaims against Plaintiff Power House Tool, Inc. ("Power House Tool") and Plaintiff JNT Technical Services, Inc. ("JNT") (collectively referred to as "Plaintiffs"), alleges and states as follows:

### Parties

1.  XBS is a corporation of the State of Oklahoma with its principal place of business in Rogers County, Oklahoma.

2.  Power House Tool has alleged that it is an Illinois corporation that maintains its principal place of business in Joliet, Illinois.

3.  JNT has alleged that it is a New Jersey corporation with its principal place of business in Little Ferry, New Jersey.

### Jurisdiction

4.  This Court has subject matter jurisdiction to hear this matter under 28 U.S.C. §§ 1331, 1338, and 2201-2202. There is now an actual controversy between Plaintiffs and XBS in that Plaintiffs threatened and then filed this lawsuit alleging that

XBS infringes the '766 patent. Thus, a real, immediate and justiciable controversy exists between Plaintiffs and XBS.

5. Plaintiffs are subject to the personal jurisdiction in the Northern District of Illinois by virtue of their contacts with the state of Illinois and in this District. As the Plaintiffs in this action, Plaintiffs consent to the jurisdiction and venue of this Court.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Power House Tool alleges that its principal place of business is within the Northern District of Illinois and JNT has consented to the jurisdiction and venue of this Court.

### Count One – Declaratory Judgment of Invalidity

7. XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

8. Pursuant to 28 U.S.C. §§ 2201-2202, XBS is entitled to a judgment declaring that the '766 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### Count Two – Declaratory Judgment of Noninfringement

9. XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

10. Pursuant to 28 U.S.C. §§ 2201-2202, XBS is entitled to a judgment declaring that the '766 patent is not infringed by XBS under any theory of infringement.

### Count Three – Attorney Fees

11. XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

12. Because of Plaintiffs' actions, XBS was compelled to engage the services of a licensed attorney and has agreed to pay that attorney for legal services rendered in preparation and trial of this cause.

13. As set forth above, the facts and circumstances surrounding the subject matter of this lawsuit make this an exceptional case under 35 U.S.C. § 285, entitling XBS to recover its attorney fees. Additionally, XBS is entitled to recover its attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, on its answer, affirmative defenses and counterclaims, Defendant XBS respectfully requests the following relief:

a. Dismiss the Complaint;

b. Award Plaintiffs nothing;

c. Declare that the '766 patent is invalid;

d. Declare that XBS is not infringing the '766 patent;

e. Award XBS all reasonable and necessary costs and attorney fees as provided by law; and

f. Such other relief as the Court shall deem just and equitable.

Respectfully submitted,
Defendant/Counter-Plaintiff
Xtreme Bolting Services, Inc.

By: __/s/Catherine Simmons-Gill__
 One of its Attorneys

>Shawn M. Dellegar
> (application for admission pro hac vice in the process of preparation)
>Head, Johnson & Kachigian, P.C.
>228 West 17th Place
>Moore Manor
>Tulsa, Oklahoma 74119
>(918) 587-2000
>Fax: (918) 584-1718
>sdellegar@hjklaw.com
>
>Catherine Simmons-Gill
>Offices of Catherine Simmons-Gill, LLC
>221 North LaSalle Street
>Suite 2036
>Chicago, Illinois 60601
>312 609 6611
>ARDC #2159058

**CERTIFICATE OF SERVICE**

The undersigned, Catherine Simmons-Gill, an attorney, certifies that a copy of the Answer and Counterclaims of Xtreme Bolting Services, Inc. was filed on July 23, 2008 electronically with the Clerk of the Court for the Northern District of Illinois via the CM/ECF system which filing will result in notification of the filings to the attorneys for plaintiffs as follows**:**

Kevin W. Guynn
Greer, Burns & Crain, LTD.
300 S. Wacker Drive, Suite 2500
Chicago, IL 60606

   /s/ Catherine Simmons-Gill
Catherine Simmons-Gill