UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Power House Tool, Inc., an Illinois corporation, <br><br> And <br><br> JNT Technical Services, Inc. a New Jersey Corporation, <br><br>     Plaintiffs/Counterclaim Defendants, <br>   vs. <br><br> Thermal Technologies, Inc. an Oklahoma Corporation, <br><br> And <br><br> Xtreme Bolting Services, Inc. an Oklahoma Corporation <br><br>     Defendants/Counterclaim Plaintiffs. | Case No. 1:08-cv-03611 <br><br><br><br><br><br> **PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF XTREME BOLTING'S COUNTERCLAIM** |

    Now come the Plaintiffs/Counterclaim Defendants Power House Tool, Inc. and JNT Technical Services, Inc. and for their Answer to the Counterclaim asserted by Defendant/Counterclaim Plaintiff Extreme Bolting deny each and every material allegation except as hereinafter admitted:

    1.    XBS is a corporation of the State of Oklahoma with its principal place of business in Roger County, Oklahoma.

    **RESPONSE:**    Admitted.

    2.    Power House Tool has alleged that it is an Illinois corporation that maintains its principal place of business in Joliet, Illinois.

1

**RESPONSE:**          Admitted.

3.      JNT has alleged that it is a New Jersey corporation with its principal place of business in Little Ferry, New Jersey.

**RESPONSE:**          Admitted.

4.      This Court has subject matter jurisdiction to hear this matter under 28 U.S.C. §§ 1331, 1338, and 2201-2202. There is now an actual controversy between Plaintiffs and XBS in that Plaintiffs threatened and then filed this lawsuit alleging that XBS infringes the '766 patent. Thus, a real, immediate and justiciable controversy exists between Plaintiffs and XBS.

**RESPONSE:**          Admitted.

5.      Plaintiffs are subject to the personal jurisdiction in the Northern District of Illinois by virtue of their contacts with the state of Illinois and in this District. As the Plaintiffs in this action, Plaintiffs consent to the jurisdiction and venue of this Court.

**RESPONSE:**          Admitted.

6.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Power House Tool alleges that its principal place of business is within the Northern District of Illinois and JNT has consented to the jurisdiction and venue of this Court.

**RESPONSE:**          Admitted.

7.      XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

**RESPONSE:**          Plaintiffs/Counterclaim Defendants repeat and reassert their previous answers to paragraphs 1-6.

8.      Pursuant to 28 U.S.C. §§ 2201-2202, XBS is entitled to a judgment declaring that the '766 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

**RESPONSE:**          Denied.

9. XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

**RESPONSE:** Plaintiffs/Counterclaim Defendants repeat and reassert their previous answers to paragraphs 1-6.

10. Pursuant to 28 U.S.C. §§ 2201-2202, XBS is entitled to a judgment declaring that the '766 patent is not infringed by TTI under any theory of infringement.

**RESPONSE:** Denied.

11. XBS repeats and realleges the allegations contained in paragraphs 1-6 of the Counterclaims immediately above.

**RESPONSE:** Plaintiffs/Counterclaim Defendants repeat and reassert their previous answers to paragraphs 1-6.

12. Because of Plaintiffs' actions, XBS was compelled to engage the services of a licensed attorney and has agreed to pay that attorney for legal services rendered in preparation and trial of this cause.

**RESPONSE:** Plaintiffs/Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

13. As set forth above, the facts and circumstances surrounding the subject matter of this lawsuit make this an exceptional case under 35 U.S.C. § 285, entitling XBS to recover its attorney fees. Additionally, XBS is entitled to recover its attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**RESPONSE:** Denied.

WHEREFORE, on their response to Defendant/Counterclaim Plaintiff's counterclaims, Plaintiffs/Counterclaim Defendants respectfully requests the following relief:

A. Judgment in favor of Plaintiffs/Counterclaim Defendants on Defendant/Counterclaim Plaintiff Xtreme Bolting's Counterclaims;

B. All relief requested by plaintiffs in the Original Complaint; and

C. All other and further relief as the Court deems just and proper.

Respectfully submitted,

Power House Tool, Inc.
JNT Technical Services, Inc.

By:    /Kevin W. Guynn
One of their attorneys

Kevin W. Guynn (ARDC No. 03124379)
Greer, Burns & Crain, LTD.
Suite 2500
300 South Wacker Drive
Chicago, Illinois 60606
(312) 360-0080
August 11, 2008

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF XTREME BOLTING'S COUNTERCLAIM** has been forwarded to Attorneys for Defendants/Counterclaim Plaintiffs XTREME BOLTING SERVICES, INC. and THERMAL TECHNOLOGIES, INC., at the following addresses:

Jerry Williams
jwilliams@baloghcherrylaw.com
**BALOGH & WILLIAMS**
324 S. Main, Suite 601
Tulsa, Oklahoma 74103

Shawn M. Dellegar, OBA #20973
sdellegar@hjklaw.com
**HEAD, JOHNSON & KACHIGIAN, P.C.**
228 West 17th Place
Tulsa, Oklahoma  74119

Catherine Simmons-Gill
simmonsgill@gmail.com
Offices of Catherine Simmons-Gill, LLC
221 North LaSalle Street. Suite 2036
Chicago, IL 60601

by the Court's electronic filing system and by e-mail by agreement between the parties on this 21st day of August, 2008.

                                             /s/  Kevin W. Guynn
                                             Kevin W. Guynn
                                             Attorney for Plaintiff/Counterclaim Defendant